FILED
United States Court of Appeals
Tenth Circuit

November 5, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICO L. GLYNN,

        Petitioner - Appellant,

v.

JAMES HEIMGARTNER, Warden, El
Dorado Correctional Facility;
ATTORNEY GENERAL OF
KANSAS,

        Respondents - Appellees.

Nos. 13-3154 and 13-3155
(D.C. Nos. 5:12-CV-03030-SAC &
5:12-CV-03031-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

Petitioner-Appellant Rico L. Glynn seeks to appeal from the denial of his

petitions for habeas corpus relief arising from a multitude of state convictions in

two separate cases. 28 U.S.C. § 2254.

No. 13-3154 involves a home invasion where Mr. Glynn was convicted in a

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

jury trial of attempted first-degree murder, aggravated burglary, attempted aggravated robbery, and aggravated battery. Mr. Glynn ordered a mother and her two children to lie face down on the floor, cut the mother's throat, and stabbed her adult son when he attempted to intervene. He was sentenced to 620 months' imprisonment. His convictions and sentences were affirmed on direct appeal, State v. Glynn, 154 P.3d 1184, 2007 WL 1041759 (Kan. App. Apr. 6, 2007), and the Kansas Supreme Court denied review. He then sought post-conviction relief, Kan. Stat. Ann. § 60-1507, which was denied, and that denial was affirmed on appeal, Glynn v. State, 255 P.3d 51, 2011 WL 2795775 (Kan. App. July 15, 2011), with the Kansas Supreme Court denying review. He then sought federal habeas relief which was denied, Glynn v. Heimgartner, No. 12-3030-SAC, 2013 WL 2449540 (D. Kan. June 5, 2013), resulting in this appeal.

No. 13-3155 involves a rape case where Mr. Glynn was convicted of aggravated kidnaping, rape, and aggravated sodomy in connection with the abduction of a university student in her truck. Mr. Glynn was sentenced to 620 months' imprisonment. His convictions and sentences were affirmed on direct appeal, State v. Glynn, 166 P.3d 1075 (Kan. App. 2007), and the Kansas Supreme Court denied review. He then sought post-conviction relief, Kan. Stat. Ann. § 60-1507, which was denied and that denial was affirmed on appeal, Glynn v. State, 255 P.3d 51, 2011 WL 2795775 (Kan. App. July 15, 2011), with the Kansas Supreme Court denying review. He then sought federal habeas relief which was

denied, <u>Glynn v. Heimgartner</u>, No. 12-3031-SAC, 2013 WL 2449545 (D. Kan. June 5, 2013), resulting in this appeal.

Given the interrelated nature of the appeals, we will consolidate them for purposes of the disposition. Fed. R. App. P. 3(b)(2). In both appeals, Mr. Glynn argues that (1) his statements to police were coerced and should have been suppressed, (2) his prior juvenile adjudications should not have been used to enhance his sentence in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), (3) his DNA was obtained in violation of the Fourth and Fifth Amendments, and (4) both trial and appellate counsel in each case were ineffective for various reasons.

In No. 13-3154, Mr. Glynn also argues that (5) the evidence was insufficient to sustain his convictions for aggravated burglary and attempted aggravated robbery, (6) he was denied a fair trial by the failure to instruct on voluntary intoxication from cocaine, (7) the trial court should have given a cautionary instruction about eyewitness identification testimony, (8) the attempted murder charge lacked the essential elements of intent and premeditation and was defective, and (9) a victim's photographic identification of him should have been suppressed because the photo lineup was impermissibly suggestive.

In No. 13-3155, Mr. Glynn argues that (10) he should have been granted a change of venue due to publicity, (11) his sentences for aggravated kidnaping, rape, and sodomy are multiplicitous, (12) use of prior convictions in sentencing

was contrary to Kansas law, (13) the evidence was insufficient to sustain his convictions for attempted kidnaping, rape, and aggravated sodomy.

To appeal the district court's denial of habeas relief, Mr. Glynn must obtain a certificate of appealability ("COA"). This requires a showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). As to claims rejected by the district court on procedural grounds, Mr. Glynn also must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. As to claims rejected on the merits based upon the state courts' adjudication, Mr. Glynn must show that the state courts' adjudication either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 412–13 (2000).

We have carefully reviewed Mr. Glynn's combined opening brief and application for a COA in each appeal, the district court's careful analysis of each of Mr. Glynn's claims, and the record. Based on this review, we conclude that

Mr. Glynn fails to make a substantial showing of a denial of a constitutional right and that no reasonable jurist could debate the correctness of the district court's substantive and procedural decisions.  Accordingly, we DENY a COA and DISMISS the appeals.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge